# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAARON SHEARS,** | : | |
|     **Plaintiff** | : | |
| | : | No. 1:23-cv-00621 |
|     v. | : | |
| | : | (Judge Kane) |
| **P. DUNN,** | : | |
|     **Defendant** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 in which pro se Plaintiff Daaron Shears ("Shears") alleges that Defendant Dunn ("Dunn"), a prison official in Rockview State Correctional Institution ("SCI-Rockview"), violated his civil rights by failing to upgrade or maintain the ventilation system in the prison. Presently before the Court are Dunn's motion to dismiss the complaint for failure to state a claim upon which relief may be granted (Doc. No. 17) and Shears's motions for preliminary injunction (Doc. Nos. 7, 14). For the following reasons, Dunn's motion to dismiss will be granted, Shears's motions for preliminary injunction will be denied as moot, and this case will be dismissed with prejudice.

**I.    BACKGROUND**

Shears initiated this case through the filing of a complaint on April 7, 2023, which the Court received and docketed on April 13, 2023. (Doc. No. 1.) According to the allegations in the complaint, Shears noticed on March 2, 2023 that no air was coming from the vent in his cell. (Id. at 2.) Shears filed a grievance about the situation, which was answered by Dunn, SCI-Rockview's facility maintenance manager. (Id.) Dunn stated that the vent was not meant to expel air. (Id.) Shears alleges that the lack of ventilation in the cell caused black mold to develop on the walls of the cell. (Id.) Shears avers that Dunn's failure to fix the ventilation

system constitutes cruel and unusual punishment under the Eighth Amendment and that the defective ventilation system caused him sinus issues and anxiety attacks. (Id. at 4.)

Shears filed motions for preliminary injunction on May 11, 2023 and June 20, 2023. (Doc. Nos. 7, 14.) In the first motion, Shears seeks a preliminary injunction requiring prison officials to either transfer him to another prison or immediately fix the ventilation system. (Doc. No. 7.) In the second motion, Shears seeks to enjoin two non-party prison officials from retaliating against him for filing this case. (Doc. No. 14.)

Dunn moved to dismiss the complaint on July 17, 2023. (Doc. No. 17.) Dunn argues that the complaint is barred by the issue preclusion doctrine and by operation of a contract because it was previously litigated and settled in Shears v. Wetzel, No. 1:21-cv-01133 (M.D. Pa. June 25, 2021) (Kane, J.) ("Shears I") and dismissed with prejudice. (Doc. No. 18 at 7–11.) The settlement agreement in Shears I was not filed with Dunn's motion due to the confidential nature of the agreement, but Dunn represented that the agreement could be produced for in camera review upon request by the Court. (Id. at 10 n.2.) Dunn additionally asserts that the complaint fails to state a claim upon which relief may be granted. (Id. at 11–19.) Shears opposed the motion to dismiss on August 14, 2023. (Doc. No. 19.)

On October 27, 2023, the Court issued an Order directing Dunn's counsel to provide a copy of the settlement agreement in Shears I for in camera review. (Doc. No. 22.) Counsel complied with this Order and produced the agreement via email to the Court's Courtroom Deputy on October 30, 2023. Accordingly, the motion to dismiss and motions for preliminary injunction are ripe for review.

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to

state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

### B.   Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III.  DISCUSSION

#### A.  Motion to Dismiss and Motions for Preliminary Injunction

The Court will first consider Dunn's argument that Shears's complaint is barred by the issue preclusion doctrine and by the language of the settlement agreement in Shears I.  (Doc. No. 18 at 7–11.)  The issue preclusion doctrine prevents litigants from relitigating an issue that has been previously litigated.  See Burlington N. R.R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1231 (3d Cir. 1995).  Courts apply federal common law principles when determining the preclusive effect of a prior federal court judgment.  See id.  The prior judgment is given preclusive effect if "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question."  See In re Bestwall LLC, 47 F.4th 233, 243 (3d Cir. 2022) (quoting Doe v. Hesketh, 828 F.3d 159, 171 (3d Cir. 2016)).  "Complete identity of parties in the two suits is not required for the application of issue preclusion." Burlington N. R.R. Co., 63 F.3d at 1232.  Thus, a litigant who was not a party to the prior action

5

may use the doctrine of issue preclusion offensively to prevent an opposing party from advancing a claim or defense.  See id. (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)).  "Settlements 'ordinarily occasion no issue preclusion,' unless the parties clearly 'intend their agreement to have such an effect.'"  Home Depot USA, Inc. v. Lafarge N. Am., Inc., 59 F.4th 55, 64 (3d Cir. 2023) (quoting Arizona v. California, 530 U.S. 392, 414 (2000)).

Dunn argues that this case is barred by the issue preclusion doctrine because Shears's claims were previously litigated and settled in Shears I.  In that case, Shears alleged that prison officials at SCI-Rockview were violating his civil rights by failing to repair or replace a ventilation system that purportedly failed to expel air into his cell and caused him sinus infections.  See Shears I, ECF No. 1 at 2.  The complaint named the Pennsylvania Department of Corrections ("DOC") as a defendant along with several employees of the DOC and SCI-Rockview.  See id.  The parties settled Shears I through mediation on March 21, 2023.  See id., ECF No. 58.  Defendants' counsel then signed a finalized settlement agreement on March 22, 2023, and Shears signed the finalized agreement on April 4, 2023.  (Settlement Agreement.)[1]  As part of the agreement, Shears agreed to "forever release, acquit, and discharge Defendants and their respective predecessors, successors, agents, officers, employees, administrators, heirs, and assigns" from any claims that "were or could have been set forth" in the case.  (Id. ¶ 1.)

The Court finds that Shears's complaint in the instant case is not barred by the issue preclusion doctrine.  Although Shears's complaint, like the complaint in Shears I, alleges that prison officials at SCI-Rockview are violating his civil rights by failing to repair or replace a ventilation system that purportedly does not expel air into his cell and causes him sinus

---

[1]  As noted above, the Settlement Agreement has been produced to the Court for in camera review.  The Court shall cite the relevant portions of the agreement as "Settlement Agreement."

6

infections, the language of the parties' Settlement Agreement does not indicate a clear intent for the agreement to have an issue preclusive effect.  (Doc. No. 1.)  The issue preclusion doctrine only operates to bar litigation of a claim if there is a "final judgment on the merits," see Bestwall LLC, 47 F.4th at 243, but the Settlement Agreement in Shears I clearly states that the agreement "does not operate as an adjudication on the merits."  (Settlement Agreement ¶ 7.)

     Despite the lack of an issue preclusion bar to Shears's complaint, however, the Court finds that it is still barred by the terms of the Settlement Agreement.  Under Pennsylvania law,[2] a settlement agreement is a contract that must be enforced according to the parties' intent as expressed in the contract.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 282 (3d Cir. 2014).  Parties to a settlement agreement may validly agree not to sue individuals who are not parties to the agreement.  See Republic Ins. Co. v. Paul Davis Sys. of Pittsburg South, Inc., 670 A.2d 614, 615 (Pa. 1995).

     The Court finds that Shears's complaint in the instant case is barred by the Settlement Agreement in Shears I.  The clear language of the agreement bars Shears from asserting a claim against Defendants or their "employees" that could have been included in Shears I.  This language clearly encompasses Shears's claim against Dunn because Dunn is an employee of the DOC and Shears asserts claims that are essentially identical to those asserted in Shears I—both cases assert civil rights claims based on an allegedly defective ventilation system in SCI-Rockview that failed to expel air into Shears's cell and purportedly caused him sinus infections. The instant case is also based on facts that occurred on March 2, 2023, prior to the date that Shears agreed to settle Shears I.  See (Settlement Agreement; Doc. No. 1 at 2).  Hence, the Court

---

[2]  The Settlement Agreement provides that the agreement is to be construed and interpreted under Pennsylvania law.  (Settlement Agreement ¶ 14.)

will dismiss Shears's complaint because it is barred by the terms of the Settlement Agreement in Shears I. Having reached this conclusion, the Court will deny Shears's motions for preliminary injunction as moot.

### B. Leave to Amend

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court will deny leave to amend in this case because Plaintiff's claims are barred as a matter of law by operation of the Settlement Agreement in Shears I.

### IV. CONCLUSION

For the foregoing reasons, Dunn's motion to dismiss will be granted, Shears's motions for preliminary injunction will be denied as moot, and this case will be dismissed with prejudice. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania